Frank E. Marchetti (SBN 203185)
**MARCHETTI LAW**
3731 Wilshire Boulevard, Suite 635
Los Angeles, CA 90010
Telephone: (626) 676-6377
Email: frank@marchettilaw.com

Attorneys for Creditor Complete Industrial Repair, Inc.

**UNITED STATE BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)**

| | |
|---|---|
| In re TOBY EDWARD TORRES,<br><br>     Debtor.<br>_____<br><br>COMPLETE INDUSTRIAL REPAIR, INC..<br><br>     Plaintiff,<br>  vs.<br><br>TONY EDWARD TORRES | Case No. 2:23-bk-13864-DS<br>Chapter 7<br>Adv. No. 2:23-ap-<br><br>**COMPLAINT TO DETERMINE DEBTS TO BE NON-DISCHARGEABLE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE** |

   Plaintiff/Creditor Complete Industrial Repair, Inc. by and through its attorneys herein respectfully submits the following Complaint to Determine Debts to be Non-Dischargeable pursuant to Sections 523 (a)(2)(A) and 523(a)(6) of the Bankruptcy Code.  As grounds in support, PLAINTIFF avers and states as follows:

1. This adversary proceeding arises out of and is related to Bankruptcy Case No. 2:23-bk-13864 entitled In re Toby Torres, commenced in this Bankruptcy Court by Debtor TOBY EDWARD TORRES ("TORRES" or "Defendant") on June 21, 2023 as a Chapter 7 proceeding.

2. This Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is an action brought under Rules 7001(6) and 4007 of the Federal Rules of Bankruptcy Procedure and under 11 U.S.C. § 523 to determine the dischargeability of a certain debt.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J) and this Court can and should enter final judgment and Plaintiff hereby consents to entry of final orders or judgment by the bankruptcy judge.

5. Venue properly lies in this judicial district, in that this adversary proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. § 1409.

## THE PARTIES

6. At all relevant times, Plaintiff was and has existed and operated in the State of California, County of Los Angeles.

7. TORRES resides in this district and is the debtor in this Bankruptcy proceeding.

## GENERAL ALLEGATIONS

8. Plaintiff leased the premises located at 7403 Telegraph Road, Montebello, California (hereinafter referred to as the "Premises").  Plaintiff subleased a portion of the Premises to Defendant beginning in or around 2013.  Pursuant to that sublease, Defendant paid to Plaintiff $2,500 per month.  Defendant subleased its portion of the Premises from Plaintiff until November 30, 2016.

9. During Defendant's sublease, Defendant used the Premises to operate a Blanchard grinding business.   Blanchard grinding is a type of rotary surface grinding that can remove large amounts of metallic and other other types of material and quickly finish the surface of a part or other item.  Among other equipment, Defendant set up two Blanchard Grinders to use for grinding and a large water tank to use for rinsing the objects that he was grinding.  He opened a hole in the concrete floor of the Premises in order to make space to set up the water tank.

10. Blanchard Grinding creates hazardous waste materials in the form of dust and small particles, which also contaminates the water which is used to rinse off the objects being grinded.  Plaintiff became aware during Defendant's sublease that Defendant had was

draining and/or dumping hazardous waste materials into the hole in the concrete floor.  In March of 2016, Plaintiff had the soil in the hole underneath Defendant's water tank tested and confirmed that it had been contaminated.

11. When Defendant gave notice that he would not be renewing the sublease and that he would be vacating the premises, Plaintiff (through its owner Norberto Fregoso) discussed with Defendant the fact that the area had been contaminated and that Defendant would have to have the hole cleaned out, professionally tested to confirm that it was no longer contaminated, and then re-fill the hole with concrete.  In other words, Plaintiff demanded that Defendant leave the property in the same condition as he had found it.

12. Defendant assued Mr. Fregoso that he would properly clean out the hole and even showed Mr. Fregoso that Defendant had obtained a state issued temporary ID number for the removal of hazardous waste.  However, Defendant then removed the water tank and cemented over the hole without providing Plaintiff with any documentation demonstrating that he had properly cleaned out the hole.  Mr. Fregoso again reminded Defendant of the need to have the hole professionally tested to confirm that it was no longer contaminated and demanded that they re-open the hole and have the area professionally cleaned out and tested.  Defendant opened up the hole again, but then failed to take any further action to clean out, test and fix the hole.

13. On March 28, 2017, Defendant filed a small claims complaint against Plaintiff to recover his security deposit.  Plaintiff responded that Defendant needed to fix the contaminated hole.  On July 14, 2027, the judge handling the small claims action directed the parties to mediate with one of the court's volunteer mediators, and the parties reached a settlement that they placed in writing and signed, stating: "The plaintiff  has agreed to repair the damages in the premises that was shared by both the parties.  Upon completion of the repairs and approval by the owner, the plaintiff will get in touch with owner to get his security deposit back.  Owner: S.D. Herman."

14. Plaintiff is informed and believes that Defendant never intended to clean, test and repair the contaminated hole.

-3-
Complaint To Determine Debts To Be Non-Dischargeable

15. Following the small claims "resolution", Plaintiff continued to follow up with Defendant.

16. For example on July 24, 2017, Mr. Fregoso emailed Defendant: "I haven't received a call from your environmental contacts in regards to the repairs.  Mr. Gary Sr. ask me when the repairs are going to be finished, because we can't rent the space until the repairs are done."  On August 1, 2017, Torres replied "Norberto, I am waiting for the paperwork you were suppose to give me after court.  Can you fax them to me (562)464-2524"  Torres was referring to proposals Mr. Fregoso had from environmental cleanup companies for testing the hole. On August 3, 2017, Mr. Fregoso emailed Torres two proposals he had for testing the soil in the hole.  On August 23, 2017, Mr. Fregoso emailed Torres again following up on the proposals.  However, Defendant did not respond further and did not retain any company to professionally test the soil in the hole.

17. The hole remained open and contaminated, and remains so today.

18. As a result, Plaintiff was unable to sublease the Premises in the condition that Defenant left it.

19. On January 4, 2022, Plaintiff sued Defendant in Los Angeles Superior Court for damages.  Trial was scheduled to commence on June 26, 2023.  However, Defendant filed for bankruptcy on June 21, 2023 to avoid the trial, which has accordingly been stayed.

### FIRST CLAIM FOR RELIEF

**(Determination of Dischargeability of a Debt – Fraud Pursuant to 11 U.S.C. §§ 523(a)(2)(A)**

20. Plaintiff re-alleges and incorporates hereat by this reference paragraphs 1 through 19 above.

21. On each occasion alleged above that Defendant made the statements and promises to clean, test and repair the contaminated hole, Defendant knew that the factual statements were false and knew that he had no intention of performing the promises made. Defendant did so with the intent to deceive Plaintiff, and even re-cemented the hole in an attempt to cause Plaintiff to believe that the hole had been fixed.

22. Plaintiff reasonably relied on the false statements and promises of Defenant and did not have knowledge of their falsity.

23. Plaintiff has been damaged in an amount that has not yet been fully ascertained but which exceeds $200,000.

24. Defendant's conduct as alleged herein constitutes false pretenses, false representations and/or actual fraud as set forth in 11 U.S.C. §§ 523(a)(2)(A) and are therefore non-dischargeable.

## SECOND CLAIM FOR RELIEF

### (Determination of Dischargeability of a Debt – Willful and Malicious Injury Pursuant to 11 U.S.C. §§ 523(a)(6)

25. Plaintiff re-alleges and incorporates hereat by this reference paragraphs 1 through 19 above.

26. Defendant willfully and maliciously drained and/or dumped hazardous waste materials into the hole in the concrete floor, with conscious disregard for Plaintiff, causing Plaintiff to suffer significant damages

27. Defendant's conduct violated California law, including but not limited to the Health & Safety Code as well as California Code of Regulations, division 4.5, title 22.

28. As a proximate result of Defendant's conduct, Plaintiff has been damaged in an amount that has not yet been fully ascertained but which exceeds $200,000.

29. In doing the things alleged herein, Defendant acted with oppression, fraud and malice.

30. Pursuant to 11 U.S.C. §§ 523(a)(6) Defendant's debts to Plaintiff for the damages caused are non-dischargeable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. A judgment in favor of Plaintiff in an amount according to proof;

2. An order of this Bankrutpcy Court adjudicating that such judgment is not dischargeable pursuant to Sections 523 (a)(2)(A) and 523(a)(6) of the Bankruptcy Code.

3. Costs of suit

4. Punitive damages based on Defendant's intentional and fraudulent conduct

5. Such other and further relief as deemed just and proper.

Dated: September 20, 2023                    **MARCHETTI LAW**

                                             */s/ Frank E. Marchetti*
                                        By: _____
                                             Frank E. Marchetti
                                        Attorneys for Plaintiff Complete Industrial Repair, Inc.