| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Richard G. Heston 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine, CA 92612<br>949-222-1041  Fax: 949-222-1043<br>90738 CA<br>rheston@hestonlaw.com<br><br>☐ *Individual appearing without attorney*<br>☑ **Attorney for Debtor and Defendant** | FOR COURT USE ONLY |
|---|---|

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>  Toby Edward Torres<br><br>                                                     Debtor. | CASE NO.: 2:23-bk-13864-DS<br>CHAPTER: 7<br>ADV. NO: 2:23-ap-01426-DS |
|---|---|
| | **NOTICE OF MOTION FOR ORDER DISMISSING ADVERSARY COMPLAINT** |
| | DATE: 11/16/23<br>TIME:   11:30 a.m.<br>COURTROOM: 1639<br>PLACE: 255 East Temple, Los Angeles, CA 90012 |

1. TO (specify name):   **COMPLETE REPAIR, INC. and its attorney of record**
2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.
3. **Your rights may be affected.**   You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)
4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.
5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 11/19/23

Heston & Heston, Attorneys at Law
Printed name of law firm

*/s/ Richard G. Heston*
Signature
Richard G. Heston 90738
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                                    Page 1                                                              F 9013-1.1.HEARING.NOTICE

HESTON & HESTON
RICHARD G. HESTON, SBN 90738
HALLI B. HESTON, SBN 90737
19700 Fairchild Road, Suite 280
Irvine, CA 92612
Tel: 949-222-1041
Fax: 949-222-1043
rheston@hestonlaw.com

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TOBY EDWARD TORRES,<br><br>Debtor. | Case No.: 2:23-bk-13864-DS<br><br>Chapter 7<br><br>Adv. No.: 2:23-ap-01426-DS |
| COMPLETE REPAIR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOBY EDWARD TORRES,<br><br>Defendant. | **MOTION FOR ORDER DISMISSING ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[FRBP 12(B)(6)]<br><br>**Hearing:**<br>Date: November 16, 2023<br>Time: 11:30 a.m.<br>Courtroom: 1639 |

NOTICE IS HEREBY GIVEN that on November 16, 2023 at 11:30 a.m. in Courtroom 1639 located at 255 East Temple Street, Los Angeles, California, Defendant, TOBY EDWARD TORRES, will and hereby does move the Court for an order dismissing the adversary complaint filed by COMPLETE REPAIR, INC. on the grounds set forth in the attached motion.

This hearing may be attended by remote connection, using ZoomGov video and audio. Parties in interest may connect to the video and audio feeds, free of charge, using the connection information provided below.

1

**Video/audio web address:** hhttps://cacb.zoomgov.com/j/1616882580
**ZoomGov meeting number:** 161 688 2580
**Password:** 451759
**Telephone conference lines:** 1 (669) 254 5252 or 1 (646) 828 7666

This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a formal written response with the Bankruptcy Court and serve a copy of it upon Movant's attorney as the address set forth above no later than 14 days prior to the date set for hearing of this Motion. If you fail to file a written response to this Motion within such time provided, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the relief requested herein.

## POINTS AND AUTHORITIES

### I.

### PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER BANKRUPTCY CODE SECTION 523(a)(2)(A) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFF HAS FAILED TO PLEAD ITS CLAIMS WITH SUFFICIENT PARTICULARITY AS TO THE CIRCUMSTANCES CONSTITUTING FRAUD.

For the purposes of a Rule 12(b)(6) motion to dismiss, the Court should assume that all properly plead allegations are true and should construe all ambiguities in favor of the Plaintiff. Here, Plaintiff has alleged that Defendant dug a hole, spilled hazardous materials into it, and then failed to properly remediate these damages. Plaintiff alleges that was done with fraudulent intent and, therefore, that it should be excepted from discharge.

Federal Rule of Bankruptcy Procedure 7009, which incorporates into bankruptcy adversary proceedings the provisions of Federal Rule of Civil Procedure 9(b), requires that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake". Fed. R. Civ. P. 9(b). McMaster v. United States, 731 F.3d 881, 898 n.11 (9th Cir. 2013) ("Federal Rule of Civil Procedure 9(b) states, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."")

In a case before the Bankruptcy Appellate Panel of the Ninth Circuit, In re Englander, the court held that this heightened standard requires that the party alleging fraud must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly apprise parties of the complaint against them in sufficient detail to allow them to

adequately answer and prepare their defense is ensured." In re Englander, 92 B.R. 425, 427 (B.A.P. 9th Cir. 1988); see also In re Jenkins, 83 B.R. 733, 735 (B.A.P. 9th Cir. 1988).

Another effect of Rule 9(b) is that the heightened pleading standard precludes the use of discovery to supply the facts necessary to state the claim, as these facts must be plead in the initial complaint. In re Daniell, BAP EC-12-1506-PAJUK, 2013 WL 5933657 (B.A.P. 9th Cir. Nov. 6, 2013)(unpublished).

The Second Circuit has stated that the complaint must: "(1) detail the statements (or omissions) that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) were fraudulent." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir.1996) (citations omitted). Although the second part of Rule 9(b) permits scienter to be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994) (citation omitted); see also The Responsible Pers. of Musicland Holding Corp. v. Best Buy Co., Inc., 398 B.R. 761, 773 (Bankr.S.D.N.Y.2008).

In re Dreier LLP, 452 B.R. 391, 408 (Bankr. S.D.N.Y. 2011).

Rule 9(b) is intended to provide notice to the accused of exactly what it is that they are alleged to have done, and to discourage frivolous lawsuits that may have a damaging impact upon the defendant's reputation and goodwill.

The purpose of Rule 9(b) is to further three goals: "(1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." Di Vittorio v. Equidyne Extractive Indus. Inc., 822 F.2d 1242, 1247 (2d Cir.1987).

4

The same standards of pleading hold in the Ninth Circuit as do control in the Second Circuit. As the Ninth Circuit stated in Bly–Magee v. Cal., 236 F.3d 1014, 1018 (9th Cir.2001):

> In most cases, the Federal Rules of Civil Procedure require only that pleadings contain a short and plain statement of the claims. Fed.R.Civ.P. 8. Federal Rule of Civil Procedure 9(b), however, requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." In re Stac Elec. Sec. Liti., 89 F.3d 1399, 1405 (9th Cir. 1996); see also Rolo City Invest. Co. Liquidatign Tr., 155 F.3d 644, 658 (3d Cir. 1998)("The purpose of Rule 9(b) is to provide notice of the 'precise misconduct with which defendants are charged and to prevent false or unsubstantiated charges."); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993)(9(b)'s heightened pleading requirement alerts defendants to specific facts upon which a fraud claim is based and safeguards a "defendant's reputation and goodwill from improvident charges of wrongdoing.").

Here, Plaintiff has not alleged how he was harmed by any false representations made by Defendant. In fact, Plaintiff only alleges that Defendant made two representations in connection with "The Hole". First, the Complaint states "Defendant assured Mr. Fregoso that he would properly clean out the hole and even showed Mr. Fregoso that Defendant had obtained a state issued temporary ID number for the removal of hazardous waste." The Complaint then goes on to state that Defendant did indeed carry out his stated intentions to clean out the hole – but that it was not up to the standards that Plaintiff was expecting. The Complaint further alleges that after Plaintiff informed Defendant that the repairs were deficient, Defendant yet again attempted to clean out the hole, but failed to meet the standards that Plaintiff was expecting of him.

The second representation alleged in the Complaint was a statement produced during mediation which stated "[Defendant] has agreed to repair the damages in the premises that was

5

shared by both the parties." [See Complaint, at p. 3, ¶ 13, lines 20-21 "the judge handling the small claims action directed the parties to mediate with one of the court's volunteer mediators".]

But statements made in mediation are inadmissible. See <u>Target Corp. v. ACE Am. Ins. Co.</u>, 576 F. Supp. 3d 609, 613 (D. Minn. 2021) ("All statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding. These offers, promises, conduct and statements (a) will not be disclosed to third parties except persons associated with the participants in the process, and (b) are privileged and inadmissible for any purposes, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions.")  See also <u>Facebook, Inc. v. Pacific Northwest Software</u>, 640 F.3d 1034, 1041 (9th Cir. 2011) ("No aspect of the mediation shall be relied upon or introduced as evidence in any arbitral, judicial, or other proceeding.")

Even disregarding the inadmissibility of statements made in the course of mediation, Plaintiff has nonetheless failed to state the basis for alleging that this statement was fraudulent. Most consumer debts are created with a promise to perform some act or make a payment, which is later not performed, usually due to the deterioration of the debtor's financial condition. Plaintiff has not alleged any reasonable basis which would support: 1) knowledge of the falsity of the statement at the time it was made; and 2) how he was harmed by relying on the statement.

6

## II.

## PLAINTIFF'S CLAIM OF NON-DISCHARGEABILITY ARISING UNDER SECTION 523(a)(6) SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AS PLAINTIFF HAS FAILED TO ALLEGE WILLFUL AND MALICIOUS CONDUCT

Bankruptcy Code § 523(a)(6) excepts from discharge debts arising from "willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). In the case before the Supreme Court of the United States, Kawaauhua v. Geiger, the Court held:

> The section's word "willful" modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely, as the Kawaahuas urge, a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964) (emphasis added).

Kawaauhua v. Geiger, 523 U.S. 57, 61-62, 118 S.Ct. 974, 975, 140 L.Ed.2d 90 (1998).

Here, Plaintiff's complaint merely reiterates the grounds alleged for their 523(a)(2)(A) claim and goes on to say that this debt should be determined to be non-dischargeable pursuant to section 523(a)(6) without even attempting to allege malice other than just generally alleging "Defendant willfully and maliciously drained and/or dumped hazardous waste materials into the hole in the concrete floor…" Complaint at p. 5, ¶ 26, lines 12-13. Even assuming that all facts alleged in the Complaint are true, this would clearly be categorized as negligence.

That an act was undertaken intentionally or deliberately is insufficient, if all that is alleged is that it led to the injury. And yet that is what has been alleged here, where at best

7

Plaintiff has alleged that Defendant undertook corrective measures but did so negligently or in an unworkmanlike manner. See <u>Plyam v. Precision Development, LLC (In re Plyam)</u>, 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015), where the court held:

> Under § 523(a)(6), the willful injury requirement speaks to the state of mind necessary for nondischargeability. An exacting requirement, it is satisfied when a debtor harbors "either a subjective intent to harm, or a subjective belief that harm is substantially certain." In re Su, 290 F.3d at 1144; see also In re Jercich, 238 F.3d at 1208. The injury must be deliberate or intentional, "not merely a deliberate or intentional act that leads to injury." <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). Thus, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." <u>Id.</u> at 64, 118 S.Ct. 974.

Accordingly, the complaint fails to allege facts showing that Defendant acted with the intent to cause harm to the Plaintiff's property, an essential element of a claim under Section 523(a)(6). Again, the failure renders the complaint subject to dismissal.

## **CONCLUSION**

The complaint in this proceeding fails to meet the exacting standards for pleading causes of action for fraud or for willful and malicious injury as a basis for determining that Plaintiff's claim for property damage should be determined to be nondischargeable. Fraud has not been alleged with particularity, nor has an intent to cause harm been alleged that would support a finding of willful or malicious injury. Accordingly, the complaint should be dismissed.

Dated: 11/19/23

HESTON & HESTON
Attorneys at Law

RICHARD G. HESTON
Attorneys for Defendant

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion for Order Dismissing Adversary Complaint** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/19/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Howard M Ehrenberg (TR)**   ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;howard.ehrenberg@ecf.courtdrive.com;Karen.Files@gmlaw.com
- **Frank E Marchetti**   frank@marchettilaw.com, marchettilaw@gmail.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/19/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Deborah J. Saltzman**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634, Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/19/2023 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                             **F 9013-3.1.PROOF.SERVICE**