Frank E. Marchetti (SBN 203185)
**MARCHETTI LAW**
3731 Wilshire Boulevard, Suite 635
Los Angeles, CA 90010
Telephone: (626) 676-6377
Email: frank@marchettilaw.com

Attorneys for Creditor Complete Industrial Repair, Inc.

# UNITED STATE BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| In re TOBY TORRES,<br><br>    Debtor.<br>_____<br>COMPLETE INDUSTRIAL REPAIR, INC..<br><br>    Plaintiff,<br>  vs.<br><br>TOBY EDWARD TORRES | Case No. 2:23-bk-13864-DS<br><br>Chapter 7<br><br>Adv. No. 2:23-ap-01426-DS<br><br>**OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date: November 16, 2023<br>Time: 11:30 a.m.<br>Courtroom: 1639 |

   Plaintiff Complete Industrial Repair, Inc. opposes Toby Torres's Motion to Dismiss as follows:

   The Court may grant a motion to dismiss only if, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. (Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990).)  When a motion to dismiss is based on a failure to state a claim, the court must assume the allegations in the challenged complaint are true, and construe the complaint in the light most favorable to the non-moving party.  (Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996).)  Dismissal is appropriate only

where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  (Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008).)

### I. Plaintiff Has Adequately Alleged Fraud

Plaintiff alleges that it was fraudulently induced to enter into the settlement of the small claims action because Defendant entered into that agreement with no intent to actually clean, test and repair the hole that Defendant had contaminated with hazardous waste.  "Fraud in the inducement . . . occurs when '"the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable. In order to escape from its obligations the aggrieved party must rescind."'" (Najarro v. Superior Ct., 70 Cal.App. 5th 871, 889 (2021), as modified (Oct. 22, 2021) (quoting Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal.4th 394, 416 (1996)).) "In California, the elements of fraud and deceit are (1) 'misrepresentation (false representation, concealment, or nondisclosure)'; (2) 'knowledge of falsity (or "scienter")'; (3) 'intent to defraud, i.e., to induce reliance'; (4) 'justifiable reliance'; and (5) 'resulting damage.'" (Copart, Inc. v. Sparta Consulting, Inc., 277 F.Supp.3d 1127, 1148 (E.D. Cal. 2017) (quoting Engalla v. Permanente Med. Grp., Inc., 15 Cal.4th 951, 973-74 (1997), as modified (July 30, 1997)).)

"'Promissory fraud' is a subspecies of fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud. [Citations.] An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." (Engalla, 15 Cal.4th at 973-74 (quoting Lazar v. Superior Ct., 12 Cal.4th 631, 638 (1996)).) "Although intent can be averred generally under Rule 9(b), a plaintiff must point to facts which show that defendant harbored an intention not to be bound by terms of the contract at formation." (UMG Recordings, Inc. v. Glob. Eagle Entm 7, Inc., 117 F.Supp.3d 1092, 1109-10 (C.D. Cal. 2015) (quoting Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, No. CV 07-CV-912 IEG-BLM, 2007 WL 2206946, at *6 (S.D. Cal. July 27, 2007)).)

When Defendant gave notice that he would not be renewing the sublease and that he would be vacating the premises, Plaintiff discussed with Defendant the fact that the area had

been contaminated and that Defendant would have to have the hole cleaned out, professionally tested to confirm that it was no longer contaminated, and then re-fill the hole with concrete. In other words, Plaintiff demanded that Defendant leave the property in the same condition as they had found it.

Defendant assued Plaintiff that he would properly clean out the hole and even showed Plaintiff that he had obtained a state issued temporary ID number for the removal of hazardous waste. However, Defendant then removed the water tank and cemented over the hole without providing Plaintiff with any documentation demonstrating that he had properly cleaned out the hole. Plaintiff again reminded Defendant of the need to have the hole professionally tested to confirm that it was no longer contaminated and demanded that they re-open the hole and have the area professionally cleaned out and tested. Defendant opened up the hole again, but then failed to take any further action to clean out, test and fix the hole.

The parties then litigated their claims against each other in the small claims action initiated by Defendant. But for Defendant's fraudulent misrepresentations to settle that action, Plaintiff would have insisted on proceeding to trial and obtaining a judgment against Defendant requiring Defendant to pay for the damages to the property. The parties reached a settlement that they placed in writing and signed, stating: "The plaintiff has agreed to repair the damages in the premises that was shared by both the parties. Upon completion of the repairs and approval by the owner, the plaintiff will get in touch with owner to get his security deposit back. Owner: S.D. Herman." (Para. 13.) Having the property repaired was all Plaintiff has sought, whether by Defendant repairing it directly, or obtaining funds (by lawsuit and judgment) from Defendant to pay the cost of repairing the property. Thus, Plaintiff relied on Defendant's promise to repair the property and agreed to dismissal of the action based on that representation.

But at the time Defendant entered into the agreement, Defendant did not intend to clean, test and repair the contaminated hole. (Para. 14.)

Following Defendant agreeing in writing to repair the hole, Plaintiff continued to follow up with Defendant. For example:

- On July 24, 2017, Mr. Fregoso emailed Torres: "I haven't received a call from your environmental contacts in regards to the repairs. Mr. Gary Sr. ask me when the repairs are going to be finished, because we can't rent the space until the repairs are done."
- On August 1, 2017, Torres replied "Norberto, I am waiting for the paperwork you were suppose to give me after court. Can you fax them to me (562)464-2524" Torres was referring to proposals Mr. Fregoso had from environmental cleanup companies for testing the hole.
- On August 3, 2017, Mr. Fregoso emailed Torres two proposals he had for testing the soil in the hole.
- On August 23, 2017, Mr. Fregoso emailed Torres again following up on the proposals.

However, Torres did not respond further and did not retain any company to professionally test the soil in the hole. The hole remained open and contaminated. Plaintiff was unable to sublease the Premises in the condition that Defenants left it.

Instead, Defendant filed a second small claims action against Plaintiff, again suing to recover the security deposit for the Premises. However, the Court dismissed Plaintiff's second small claims action when Defendant advised the Court of the existence and results of the first small claims action.

Defendant's conduct after entering into the agreement demonstrated that Defendant never intended to do any further work on the hole despite agreeing to repair it. In the underlying civil action, Defendant testified that even though he entered into the agreement, he had no intention of doing any further work on the hole.

All necessary elements of fraud have been alleged in the Complaint.

Defendant argues that statements made in mediation are inadmissible, and Plaintiff does not dispute that position. However, as set forth in the Complain and above, Plaintiff is relying solely on the agreement itself that the parties entered into and not statements made in mediation.

## II. Plaintiff Has Adequately Alleged Willful and Malicious Conduct

Defendant acknowledges that the Complaint alleges that "Defendant willfully and maliciously drained and/or dumped hazardous waste materials into the hole in the concrete floor", but Defendant asks the Court to ignore the straightforward nature of this allegation and somehow construe it as negligence. This was no accident. This was not negligence. Defendant was an experienced Blanchard Grinder and knew that the process created hazardous waste materials and contaminated water. Defendant did not accidentally spill this into the hole – he knowingly poured it into the hole. Defendant knew that pouring hazardous waste into the hole would contaminate the property. Categorizing Defendant's conduct as negligence, as Defendant requests, would be to ignore the factual allegations of the Complaint.

Dated: November 2, 2023

**MARCHETTI LAW**

By: _____
Frank E. Marchetti
Attorneys for Plaintiff Complete Industrial Repair, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Motion to Dismiss Adversary Complaint For Failure To State A Claim    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/2/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard Heston    rheston@hestonlaw.com
Howard M. Ehrenberg (TR)    ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com, C123@ecfcbis.com,
howard.ehrenberg@ecf.courtdrive.com, Karen.Files@gmlaw.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/2/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634, Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/2/2023 | Frank E. Marchetti | /s/ Frank E. Marchetti |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**