RICHARD G. HESTON, SBN 90738
HALLI B. HESTON, SBN 90737
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 280
Irvine, CA 92612
Tel: 949-222-1041
Fax: 949-222-1043
rheston@hestonlaw.com

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TOBY EDWARD TORRES,<br><br>Debtor. | Case No.: 2:23-bk-13864-DS<br><br>Chapter 7<br><br>Adv. No.: 2:23-ap-01426-DS |
| COMPLETE INDUSTRIAL REPAIR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOBY EDWARD TORRES,<br><br>Defendant. | **ANSWER TO ADVERSARY COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE** |

COMES NOW Defendant TOBY EDWARD TORRES, and answering the Adversary Complaint of COMPLETE INDUSTRIAL REPAIR INC., admits, denies, and avers as follows:

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

1

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Complaint that during Defendant's sublease, he used the Premises to operate a Blanchard grinding business, a type rotary surface grinding, and that he set up two Blanchard Grinders for grinding, but denies all other allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegation of Paragraph 10 of the Complaint that the dust and small particles that are produced by Blanchard Grinding create hazardous waste materials, unless they are improperly maintained and/or disposed of.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 10 and on said basis alone denies the same.

11. Defendant admits the allegations of Paragraph 11 that he gave notice to Plaintiff that he would not be renewing the sublease and would be vacating the premises, and that he discussed with Plaintiff the removal of the containment vessel and remediation of any damage caused as a result of its placement and removal but denies the remaining allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant admits the allegations of Paragraph 13 that he filed a small claims Complaint against Plaintiff to recover his security deposit, and that on or about July 14, 2017, the parties met with a court-appointed mediator and reached a settlement agreement but denies the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant is neither able to admit nor deny the allegations of Paragraph 15 of the Complaint, as the allegation that "Plaintiff continued to follow up with Defendant" is uncertain and ambiguous and on that basis alone denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant lacks sufficient information or belief to admit or deny allegations of Paragraph 17 and on said basis alone denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Complaint that on January 4, 2022, Plaintiff sued Defendant in Los Angeles Superior Court and that trial of that lawsuit was scheduled to commence on June 26, 2023, and that Defendant filed bankruptcy on June 21, 2023, and that the trial remains stayed at this time, but denies all other allegations of Paragraph 19 of the Complaint.

20. Defendant refers to his answers to Paragraphs 1 through 19 of the Complaint and in response to Paragraph 20 of the Complaint re-incorporates the same hereat as if stated in full.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant refers to his answers to Paragraphs 1 through 24 of the Complaint and in response to Paragraph 25 of the Complaint re-incorporates the same hereat as if stated in full.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant's investigation of the facts alleged in the Complaint is ongoing and, accordingly, Defendant reserves the right to assert additional affirmative defenses in the future. In asserting the following defenses, Defendant does not intend to suggest that matters designated herein as "defenses" are not elements of Plaintiff's prima facie case on any of the Plaintiff's purported claims or that they are not matters as to which Plaintiff bears the burden of proof. These defenses are set forth cumulatively and in the alternative. Notwithstanding the foregoing, Defendant states the following affirmative and other defenses:

1. **FIRST AFFIRMATIVE DEFENSE**: The Complaint fails to state a claim upon which relief may be granted.

2. **SECOND AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

3. **THIRD AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

4. **FOURTH AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred, in whole or in part, because the underlying obligations have been satisfied.

5. **FIFTH AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with its obligations to Plaintiff.

///

///

6. **SIXTH AFFIRMATIVE DEFENSE**: Plaintiff's claims are barred, in whole or in part, because Plaintiff has violated its duty of good faith in the performance of the contract.

Dated: 12/11/23

HESTON & HESTON
Attorneys at Law

/s/ Richard G. Heston
By: RICHARD G. HESTON
Attorneys for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280
Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Answer to Adversary Complaint to Determine Debt to be Nondischargeable Pursuant to Section 523 of the Bankruptcy Code** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/11/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@gmlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;howard.ehrenberg@ecf.courtdrive.com;Karen.Files@gmlaw.com
- **Frank E Marchetti**    frank@marchettilaw.com, marchettilaw@gmail.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 12/11/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634, Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/11/2023 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE